USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____3/2/2026____



The Cherner Firm

**MEMO ENDORSED**

February 27, 2026

<u>BY ECF</u>
Judge Nelson Roman
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Defendants are directed to respond to Plaintiff's request for pre-motion discovery on or before March 13, 2026.
Dated: March 2, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Re:  <u>Cherner v. FRBA, et al. (25-cv-08440 (NSR))</u>

Dear Judge Roman:

I write to request pre-motion discovery on the issues that defense counsel have raised with respect to jurisdiction and venue.  Pre-motion discovery is appropriate in this instance.

As the Second Circuit noted in *Gualandi v. Adams, 385 F.3d 286 (2nd Cir. 2004)*:

> In resisting a motion to dismiss under Rule 12(b)(1), plaintiffs are permitted to present evidence (by affidavit or otherwise) of the facts on which jurisdiction rests. *See Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).  ***In addition, courts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.*** *See id.* Although a motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion, a court may nonetheless look to Rule 56(f) for guidance in considering the need for discovery on jurisdictional facts. *See id.; see also Exch. Nat'l Bank v. Touche Ross &Co.,* 544 F.2d 1126, 1131 (2d Cir.1976) ("[A] body of decisions has developed under Rule 56 that offer guidelines which assist in resolving the problem encountered if the affidavits submitted on a 12(b)(1) motion should reveal the existence of factual problems.").

*Gualandi, 385 F.3d at 244 (emphasis added).*  Lower courts have followed *Gualandi*.  For example,

in *Togut v. Forever 21, Inc., 285 F.Supp.3d 643 (S.D.N.Y. 2018)*, the court noted that

> A court generally should allow a plaintiff "an opportunity to conduct discovery on. . . jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004); see also A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, 828 F.Supp.2d 557, 575 (E.D.N.Y. 2011) (citation omitted)* ("Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction . . .lie exclusively within the defendant's knowledge.") "

*Togut, 285 F.Supp.3d at 648. See also Guglielmo v. JEGS Automotive, Inc., 20-cv-5376 at \*4*

*(S.D.N.Y. 2021):*

> ***"A court generally should allow a plaintiff `an opportunity to conduct discovery on. . . jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.'"*** *Togut v. Forever 21, Inc.,* 285 F. Supp. 3d 643, 648(S.D.N.Y. 2018) (Sweet, J.) (quoting *Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir. 2004)); *see also A.W.L.I. Grp., Inc. v.Amber Freight Shipping Lines,* 828 F. Supp. 2d 557, 567 (E.D.N.Y. 2011) (***"Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction. . . lie exclusively within the defendant's knowledge."***).

*Guglielmo, 20-cv-5376 at \*4 (emphasis added).*

## Conclusion

In this matter, the facts necessary to establish personal jurisdiction lie exclusive within the defendant's knowledge, so that pre-motion discovery is appropriate. Attached hereto as Exhibit A are interrogatories and document requests in this regard. I ask that you "so order" this letter to allow for this discovery and set a date certain for defendants to respond to these discovery requests.

Sincerely,

Dan Cherner, Esq.

cc:  Ali Kliment (via ECF)

2