USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2026

# Morgan Lewis

**Lincoln O. Bisbee zz**
Partner
+1.212.309.6104
lincoln.bisbee@morganlewis.com

March 13, 2026

**VIA ECF AND FACSIMILE - (914) 390-4179**

Honorable Nelson S. Román
United States Courthouse

The Court will stay the briefing schedule for Defendants' anticipated motion to dismiss. The Court further strikes the proposed interrogatory submitted by Plaintiff as overly broad. Plaintiff is directed to submit one interrogatory for each named Defendant, limited solely to questions concerning personal jurisdiction and venue. These interrogatories shall be served on defense counsel no later than April 10, 2026. Defendants shall serve their responses no later than May 15, 2026. Plaintiff is cautioned that this constitutes limited discovery only and may not be used as a fishing expedition. Failure to comply with this Order, or the submission of improper discovery requests, may result in the striking of such requests or other appropriate sanction. The Clerk of Court is kindly directed to terminate the motion at ECF No. 20.

Dated: Mach 16, 2026

    White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

Re: *Cherner v. Federal Reserve Board of Atlanta et al.*, No. 7:25-cv-08440-NSR

Dear Judge Román,

We write on behalf of Defendants in opposition to Plaintiff's request for discovery relating to Defendants' motion to dismiss the Complaint for lack of personal jurisdiction and venue. Plaintiff's request should be denied for two independent reasons. First, it is premature. Defendants motion to Dismiss is not yet fully briefed, or even filed with the Court. Defendants respectfully request that the Court consider Plaintiff's request—and analyze whether jurisdictional discovery is necessary—only after Defendants' motion to dismiss has been fully briefed. Second, the discovery Plaintiff seeks is completely irrelevant to whether he can establish that this Court has jurisdiction over Defendants.[1] Because the discovery is irrelevant, the Court should not permit it.

## I.      BACKGROUND.

On February 27, 2026, more than a week before receiving Defendants' motion to dismiss, Plaintiff asked this Court to allow him to conduct "discovery on the issues that defense counsel have raised with respect to jurisdiction and venue." (ECF 20 at 1.) As part of his request, Plaintiff asks this Court to permit him to seek information and documents relating to: (1) every date on which any of the five Individual Defendants was present in New York, for any reason; (2) any family member or relative of any of the five Individual Defendants who have resided in New York; (3) any individual employed by the Federal Reserve Bank of New York ("FRBNY") with whom any of the five Individual Defendants have interacted; (4) all examinations, events, assignments, and/or occurrences for which *any* Federal Reserve Bank of Atlanta ("FRBA") examiner has "assisted" the FRBNY; and (5) any committee, panel, working group, project, collaboration, and/or task force that has resulted in the FRBA and/or any of the five Individual Defendants being "in contact/interaction/collaboration" with the FRBNY. All of Plaintiff's requests are for the period

---

[1] The first line of Plaintiff's letter also mentions "venue" as a reason for seeking discovery. (ECF 20 at 1.) But Plaintiff does not cite any authority for discovery into venue related issues. In any event, venue under either Title VII or the general venue statute requires Plaintiff to show that activities related to his claims occurred in the district. For the same reasons Defendants articulate below, Plaintiff's requested discovery is irrelevant to what he must establish to show that this Court is the proper venue for his claims.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY 10178-0060
United States

☎ +1.212.309.6000
🖷 +1.212.309.6001

Honorable Nelson S. Román
Page **2** of **3**

of 2019 through the present—which is four years before and approximately one year after Plaintiff was employed by the FRBA—and none of them relate to Defendants' interactions with Plaintiff.

## II.      <u>LEGAL STANDARD.</u>

To obtain jurisdictional discovery, Plaintiff "bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013). Such discovery is not permitted if a defendant's motion and attachments "provide[] all the necessary facts and answer[] all the questions regarding jurisdiction." *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011); *see also Guglielmo v. JEGS Automotive, Inc.*, 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021) (same). Moreover, if a court concludes that a plaintiff failed to make a prima facie case for personal jurisdiction, it should deny jurisdictional discovery. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (collecting cases and holding that "the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction.").

## III.      <u>THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR DISCOVERY.</u>

The Court should deny Plaintiff's request for jurisdictional discovery for two independent reasons.

<u>First</u>, Plaintiff's request is premature. Pursuant to this Court's February 9, 2026 Order, Defendants were required to serve Plaintiff with their motion to dismiss by March 11, 2026. (ECF 15.) Thus, on the date Plaintiff made his request (February 27), Defendants had not even served their motion. More importantly, Defendants' motion is not yet fully briefed and the Court has not had an opportunity to consider it. Because the Court's determination as to whether jurisdictional discovery is necessary depends upon Defendants' motion, Plaintiff's request should be denied as premature. *See, e.g.*, *Raanan v. Binance Holdings Ltd.*, 2024 WL 4026967 at *4 (S.D.N.Y. Sept. 3, 2024) (denying jurisdictional discovery as premature).

<u>Second</u>, the Court should independently deny Plaintiff's request for jurisdictional discovery because Plaintiff has "failed to show how the information [he] hope[s] to obtain from this discovery would bear on" any "critical issue" for personal jurisdiction. *Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (affirming denial of jurisdictional discovery). As the Court knows, there are two types of personal jurisdiction: general and specific.[2] General jurisdiction over a corporation is limited to where it is incorporated or maintains its principal place of business. *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020). For an individual, general jurisdiction is limited to that individual's domicile, *Mazloum v. Int'l Com. Corp.*, 829 F. Supp. 2d 223, 228 (S.D.N.Y. 2011). To establish specific jurisdiction, Plaintiff must show that Defendants had such contacts with New York that they engaged in purposeful activity *and* that those contacts substantially relate to Plaintiff's claims. *Spetner v. Pal. Inv. Bank*, 70 F.4th 632, 643 (2d Cir. 2023).

---

[2] When a court has general jurisdiction, it "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). By contrast, "specific jurisdiction permits adjudicatory authority only over issues that 'arise out of or relate to the entity's contacts with the forum.'" *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019).

Honorable Nelson S. Román
Page **3** of **3**

Sporadic contacts with New York unrelated to Plaintiff's claims are insufficient. *See, e.g., PaineWebber Inc. v. Westgate Grp., Inc.*, 748 F. Supp. 115, 119 (S.D.N.Y. 1990).

The discovery Plaintiff seeks will not help him establish that the Court has either general or specific personal jurisdiction over any of the Defendants—meaning the Court should not permit it. To start, no discovery could help Plaintiff show that the Court has general jurisdiction over Defendants because: (1) the FRBA is headquartered in Georgia (and not incorporated in New York); and (2) the Individual Defendants are domiciled in Florida or Georgia (not New York).

Plaintiff's requested discovery is equally unhelpful in establishing that the Court has specific personal jurisdiction as none of the discovery has any relation to Plaintiff's claims. As noted above, Plaintiff's requested discovery seeks over seven years of information and documents relating to any instance in which: (1) any FRBA employees and/or the Individual Defendants worked with employees of the FRBNY, irrespective of whether it involved Plaintiff; and (2) the Individual Defendants were physically present in New York for any reason. (ECF 20, Ex. A.) Because the requested discovery is unrelated to Plaintiff's claims, it does nothing to establish whether this Court has personal jurisdiction. *See, e.g.*, *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (holding that claims must be related to Defendants' contacts with the forum).

Plaintiff's discovery into contacts between the FRBA and FRBNY is irrelevant to the jurisdictional analysis for another reason as well. This Court has found repeatedly that it does not have personal jurisdiction over federal reserve banks outside of New York—including the FRBA—even where those banks conduct business activities with the FRBNY. *See, e.g.*, *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 2019 WL 4640219, at *7 (S.D.N.Y. Sept. 24, 2019), *aff'd*, 2024 WL 2720235 (2d Cir. May 28, 2024) ("District courts in this Circuit have previously recognized it lacks personal jurisdiction over Reserve Banks located outside New York."); *Northpark Nat. Bank v. Bankers Tr. Co.*, 572 F. Supp. 520, 522–23 (S.D.N.Y. 1983); *Total Aviation Servs., Inc. v. United Jersey Bank*, 626 F. Supp. 1087, 1090 (E.D.N.Y. 1986). Again, Plaintiff's requested discovery should be denied as it does not concern any "critical issue" for personal jurisdiction.

## IV.    <u>IF DISCOVERY IS ORDERED, IT SHOULD BE FAR MORE LIMITED.</u>

If the Court ultimately decides to grant Plaintiff some jurisdictional discovery—which it should not—Defendants respectfully request that any such order significantly narrow Plaintiff's requested discovery to what Plaintiff must prove to establish the Court's personal jurisdiction over Defendants. Specifically, Plaintiff's requested discovery should be cabined to address solely Defendants' contacts with New York that have a substantial relation to Plaintiff's claims.[3]

Respectfully submitted,

*/s/ Lincoln O. Bisbee*
Lincoln O. Bisbee

---

[3] If the Court permits Plaintiff to seek some jurisdictional discovery, Defendants do not waive, and expressly reserve, any objections they may make to any such discovery requests.