USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                          :

DAN CHERNER,                              :

      Plaintiff,                        :

          Against                     :      25-CIV-08440 (NSR)

                                            :

THE FEDERAL RESERVE BANK OF ATLANTA,  :
et al.                                :

      Defendants.                   :

                                            :
-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Plaintiff Dan Cherner, commenced the instant action on or about October 11, 2025, against his former employer, the Federal Reserve Bank of Atlanta ("Bank of Atlanta") and several of its employees asserting claims, inter alia, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), and multiple New York State claims. (ECF No. 1.) Plaintiff alleges that the defendants engaged in a pattern of misdeeds and omissions that occurred during the relevant time period; from July 13, 2023, the day he was hired, to June 5, 2025, when he was allegedly terminated. (*Id*.) Although the complaint alleges that Atlanta, Georgia is Bank of Atlanta's principal place of business, it fails to identify where the alleged misdeeds or omissions occurred, where each of the individually named defendants resided or worked during the relevant time period.

      On January 29, 2026, the Defendants sought leave of Court to file a motion to dismiss on the basis of improper venue and lack of jurisdiction. (ECF No. 11.) In response, Plaintiff sought leave of Court to conduct limited discovery, in the form of interrogatories "with respect to jurisdiction and

1

venue." (ECF No. 21.) Defendants opposed the application. (ECF No. 23.) By Memorandum Endorsement, dated March 16, 2026, Plaintiff was granted leave to conduct limited discovery in the form of interrogatories on the issues of personal jurisdiction and venue. (ECF No. 24.)  Plaintiff was directed to serve a separate interrogatory for each named defendant and cautioned Plaintiff that the limited grant of discovery "may not be used as a fishing expedition" and the "[f]ailure to comply with this Order, or the submission of improper discovery requests, may result in the striking of such requests or other appropriate sanction." (*Id.*) In keeping with the Court's directive, Plaintiff served a series of interrogatories. Defendants object to the interrogatories and seek a Court order striking the interrogatories as overly broad and irrelevant. (ECF No. 26.) Plaintiff opposes the application to strike the interrogatories. For the following reasons, the motion is granted; however, Plaintiff is granted leave to serve another set of interrogatories consistent with this Order.

### *Venue*

28 U.S.C. § 1391(b), which governs venue of all civil actions brought in district courts of the United States, provides in relevant part that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Consistent with the venue statue, 28 U.S.C. § 1391, Plaintiff is permitted to submit a particularized interrogatory, for each named Defendant, requesting that each defendant identify the city and state where that defendant resided or worked during the relevant time period. Plaintiff may also inquire whether, in the course of their employment with the Bank of Atlanta they conducted business in New York City, New York, or Westchester County, New York, the nature of the work

2

performed and the approximate dates. Plaintiff is reminded that in his application for limited discovery he represented to the Court that he sought discovery "where the facts… are peculiarly within the knowledge of the opposing party.  To the extent Plaintiff may assert that he interacted with a named defendant on a particular date and time in the course of his employment at Bank of Atlanta and such interaction is causally linked to a claim, Plaintiff would have personal knowledge of such events and need not rely on an interrogatory for the purpose of obtaining such information.

### *Personal Jurisdiction*

When addressing the issue of personal jurisdiction over a foreign defendant in a federal-question case such as this case, courts undertake a two-step analysis. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168-169 (2d Cir. 2013). The Court must preliminarily look to the law of the forum state to determine whether personal jurisdiction will lie and if jurisdiction lies, then considers whether the district court's exercise of personal jurisdiction over the defendant comports with due process protections established under the United States Constitution. *Id.* As it relates to the instant action, the relevant law is that of New York State.

New York Civil Procedure Law and Rules ("CPLR") §301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." This section codifies a court's power to exercise a "territorial," or "presence" jurisdiction over a defendant based on his domicile. *See Parsons v. Kal Kan Food, Inc.*, 68 A.D.3d 1501, 1502 (3rd Dept. 2009); *Deer Consumer Prods., Inc. v. Little*, 35 Misc. 3d 374, 381 (Sup. Ct. 2012). CPLR § 302(a)(1) authorizes personal jurisdiction in New York over a foreign defendant for causes of action that arise out of transacting any business within the state, either in person or through an agent. *State v. Vayu, Inc.*, 39 N.Y.3d 330, 332 (2023). Transacting business means activities that are purposeful and

establish "a substantial relationship between the transaction and the claim asserted." *See Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 376 (2014) (internal citations omitted).

The Due Process Clause protects an individual's liberty interest from being subjected to a court order or binding judgment of a forum which he has no meaningful ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72 (1985) (internal citations omitted). Due process concerns are satisfied when *in personam* jurisdiction is asserted over a nonresident defendant that has certain minimum contacts with the forum such that maintaining the lawsuit in the forum does not offend traditional notions of fair play and substantial justice, and the underlying controversy is related to or arises out of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal citations omitted).

Consistent with the foregoing, Plaintiff is permitted to pose interrogatories (questions) concerning whether the named defendant engaged in any purposeful activity in New York as it relates to the particular claims alleged in the complaint. The interrogatories must be particularized as to each defendant and as to each claim asserted. Plaintiff is once again forewarned that failure to comply with this order or any attempt to use the interrogatories as a fishing expedition to obtain unrelated discovery will result in the striking of the interrogatories.

Plaintiff is directed to serve the interrogatories on or before June 5, 2026.

This constitutes the Court's Order.

Dated: May 19, 2026
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

4